UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY BRIAN SANCHEZ,<br><br>    Petitioner,<br><br>    vs.<br><br>Steven W. Ornoski*, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. CIV. F-97-6134-AWI-P<br><br>Death Penalty Case<br><br>Order Granting Petitioner's Second Motion to Expand the Record |

On March 3, 2004 Petitioner Teddy Brian Sanchez ("Sanchez") filed his second motion to expand the record. Doc. No. 144. Respondent Steven W. Ornoski ("the State") did not file any opposition to the motion.

Habeas Rule 7 grants a district court the discretion to expand the record with additional materials which are relevant to the petition. Rule 7(a) of Rules Governing Section 2254 Cases. The rule is intended to help district courts "clarify the relevant facts." *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986). The court may order the record expanded either in place of, or in addition to, holding an evidentiary hearing. *See* Advisory Committee Note to Habeas Rule 7; *Harris v.*

---

\* Steven W. Ornoski is substituted for his predecessor, John Stokes, as Acting Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

1 *Nelson*, 394 U.S. 286, 300 (1969).

2     Sanchez seeks to expand the record with documents that rebut arguments presented by the State in their opposition to the motion for evidentiary hearing. Sanchez seeks to include in the record a supplemental declaration from Dr. Froming which responds to the State's argument that Charles Seeley's testimony would not have been favorable to Sanchez since Seeley stated Sanchez laughed with the actual killers after the murders. Dr. Froming asserts that proper investigation and development of Sanchez's mental problems and development characterized by abuse and neglect would have rebutted the implied conclusion that Sanchez's laughter showed intent or lack of remorse. Sanchez also seeks to include in the record excerpts from the medical records of David Huffman, his lawyer on burglary charges, to respond to the State's argument that Mr. Huffman would not have arranged for Sanchez to discuss the Bocanegra murders with Detective Stratton if Sanchez had been mentally impaired. Sanchez asserts that Mr. Huffman's medical records rebut the State's argument by showing Mr. Huffman was mentally ill and suffering the physical and psychological effects of chronic long-term alcohol abuse at the relevant time.

    Both Dr. Froming's supplemental declaration and Mr. Huffman's medical records are relevant to the arguments presented by the State. Sanchez's second motion to expand the record is GRANTED.

IT IS SO ORDERED.

IT IS SO ORDERED.

**Dated:   September 27, 2005**         /s/ **Anthony W. Ishii**
b64h1h                                                  UNITED STATES DISTRICT JUDGE