# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY BRIAN SANCHEZ, | Case No. 1:97-CV-06134 AWI-SAB |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| RON DAVIS, Warden of San Quentin State Prison, | (ECF No. 172) |
| Respondent. | (CASE TO REMAIN CLOSED) |

Before the court is petitioner's motion seeking reconsideration of the court's July 23, 2015 memorandum and order to the extent it denied claims 6-10, 14, 15, 18, 37, 40, 44, 46-48, 52 and 60; denied an evidentiary hearing and certificate of appealability ("COA") for those claims; and denied leave to depose aged witnesses lead trial counsel Eugene Toton and defense expert Dr. Theodore Donaldson. Petitioner argues as grounds for this relief that the court committed clear legal and factual error.

Respondent filed an opposition to the motion. Petitioner replied to the opposition.

Based on the facts of this case and controlling law, the instant motion for reconsideration is amenable to decision without a hearing.

## I. BACKGROUND

The court set forth the factual and procedural history of this case in its July 23,

1

2015 memorandum and order and will not repeat it here in full, but will provide a summary where relevant to the motion before the court.

The underlying petition raised 61 claims asserting insufficient evidence, actual innocence, prosecutorial misconduct and ineffective assistance of counsel based on allegations petitioner did not assist Joey Bocanegra in killing Joey's father, and that his assistance in the murder of Joey's mother did not make him eligible for the death penalty.

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows a district court to alter, amend, or vacate a prior judgment. Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *See 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999); *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011).

The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (*quoting York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). To this end:

> Rule 59(e) does not list "specific grounds for a motion to amend or alter[;]" hence, "the district court enjoys considerable discretion in granting or denying the motion." [Citation]
>
> At the same time, however, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." [Citation] Therefore, a party "rais[ing] arguments or present[ing] evidence for the first time when they could reasonably have been raised earlier in the litigation[] ... raise[s] the concern that [it] has abused Rule 59(e)[.]" [Citation] "Ultimately, a party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." [Citation]
>
> As is abundantly clear, "amending a judgment after its entry remains an extraordinary remedy[.]" [Citation] The Ninth Circuit thus has repeatedly cautioned that such an amendment "should be used sparingly." *Id.* Amendment of judgment is sparingly used to serve the dual "interests of

> finality and conservation of judicial resources." [Citation] It stands to reason then that plaintiff, as the moving party here, has a "high hurdle." [Citation] Moreover, denial of a motion for reconsideration under Rule 59(e) will not be reversed absent a showing of abuse of discretion. [Citation]
>
> . . .
>
> Manifest error is, effectively, clear error, [Citation] such that "a court should have a clear conviction of error." [Citation] Thus, "[m]ere doubts or disagreement about the wisdom of a prior decision of this or a lower court will not suffice[.]" [Citation] "To be clearly erroneous, a decision must strike [a court] as more than just maybe or probably wrong; it must be dead wrong." [Citation]
>
> Within the Ninth Circuit, courts also have looked to Black's Law Dictionary, stating that "[a] manifest error of fact or law must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 220-21, 231 (D. Ariz. 2012); *see also* Local Rule 230(j).

### III. DISCUSSION

#### A.    Jurisdiction

The Federal Rules of Civil Procedure apply in habeas corpus proceedings only "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases]." Rule 12, Rules Governing § 2254 Cases; *see also* Fed. R. Civ. P 81(a)(4).

The Supreme Court has not addressed whether or how Rule 59(e) is to be applied in federal habeas corpus cases subject to Anti-terrorism and Effective Death Penalty Act ("AEDPA"). *See Row v. Beauclair*, No. 1:98-CV-00240-BLW, 2015 WL 1481416, at *5 (D. Idaho Mar. 31, 2015).

The circuits are split regarding whether § 2244 and *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (finding Rule 60 [relief from judgment or order] motions to be second or successive habeas application under § 2255) apply to Rule 59(e) motions, *viz.*:

> The Fifth, Eighth, Tenth, and Fourth Circuits have determined or implied that a Rule 59(e) motion should be treated as a second or successive petition if it in substance challenges the same conviction or sentence. [Citation]

3

> The Third and Sixth Circuits have concluded that § 2244 and *Gonzalez* do not apply to timely filed Rule 59(e) motions. [Citation]

*Row*, 2015 WL 1481416, at *7.

It appears the Ninth Circuit has not decided whether a Rule 59(e) motion should be treated as a second or successive habeas application, as a Rule 60(b) motion would be under *Gonzalez*, or whether a Rule 59(e) motion is more properly viewed as a continuation of proceedings rather than a second or successive habeas application. Within the Ninth Circuit, the United States District Court for the Western District of Washington has followed the Third and Sixth Circuit's reasoning and conclusions. *See Rishor v. Ferguson*, 65 F.Supp.3d 1078, 1084-85 (W.D. Wash. 2014) (petitioner's timely motion to alter or amend judgment not a second or successive habeas application).

Here, the court need not decide whether petitioner's Rule 59(e) motion for reconsideration constitutes a second or successive habeas corpus application under 28 U.S.C. § 2244 because the motion fails on the merits. *See Liggins v. Brazelton*, No. 2:09-CV-01777 GEB EFR 2013 WL 950352, at *1 (E.D. Cal. Mar. 11, 2013) (whether and/or when a Rule 59(e) motion for reconsideration may constitute a second or successive habeas corpus application under 28 U.S.C. § 2244 need not be decided since petitioner has not made an adequate showing on the merits of his request for reconsideration).

**B.    Analysis**

1.    Reconsideration of Claims

Petitioner, in his Rule 59(e) motion, has not set forth any basis that warrants reconsideration. Specifically, he has not demonstrated that the court committed clear error of law or fact such that reconsideration is warranted. Rather, petitioner appears to be reiterating the same arguments and re-litigating the same issues the court already considered in denying the petition and related evidentiary motions. (*cf.*, ECF Nos. 163, 172.) This is improper. "Reconsideration should not be used merely to ask the court to rethink what it has already thought." *Clarke v. Upton*, No. 1:07-CV-0888 AWI-SMS, 2012 WL 6691914, at *1 (E.D. Cal. Dec. 21, 2012); *see also Arteaga v. Asset*

*Acceptance, LLC*, 733 F.Supp.2d 1218, 1236 (E.D. Cal. 2011) ("[R]ecapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

*Guilt Phase Claims*

Petitioner seeks reconsideration of claims 6-10, 14 and 18. He argues the court erred in denying these claims which allege counsel's failure to investigate and present evidence relating to mental state defenses, witness impeachment and alternative defense theories. However, petitioner in essence repeats his arguments that counsel did not reasonably investigate: petitioner's psychiatric impairments and brain damage, impeachment of jailhouse informant Hernandez, accomplice Reyes's presence in the Bocanegra home at the time of the capital murders, petitioner limited involvement in the capital murders, and submission of the guilt phase upon waiver of jury trial. His re-argument of these matters previously considered by the court and rejected is not a basis for reconsideration.[1] (*See* ECF No. 163 at 31:24-46:4, 53:7-58:3, 64:8-66:4.)

Petitioner seeks reconsideration of claim 15. He argues the court erred in denying this claim which alleges counsel's failure to cross-examine reporter Trihey about his published interviews with petitioner. Specifically, petitioner argues the court erred by relying upon the state supreme court's mistaken belief that the contents of these interviews had been admitted into evidence at trial, as a basis to conclude counsel reasonably decided not to cross-examine Trihey.

However, in denying claim 15, the court concluded that the state supreme court could reasonably have found the claim speculative (*see* ECF No. 163 at 59:7-9), and that counsel could have been tactically motivated given petitioner's potentially contradictory statements to Trihey and others (*see e.g.*, ECF No. 163 at 58:20-23, 59:12-16). Moreover, the state supreme court addressed petitioner's state law evidentiary issue in its

---

[1] The court corrects, *sua sponte* and *nunc pro tunc*, the typographical error that appears in its analysis of claim 14, by substituting the word "infirm" in place of the word 'inform", ECF No. 163 at 56:21. (*See* Fed. R. Civ. P. 60(b)(1).)

5

noted modified decision. This court was free to consider that court's prior analysis incorporated in the modified state supreme court decision. *See e.g., Barker v. Fleming*, 423 F.3d 1085, 1091-93 (9th Cir. 2005) (the federal court will consider the last reasoned decision including incorporated reasoning from a prior decision). It follows that petitioner's disagreement with counsel's decision not to cross-examine Trihey as to interviews, the contents of which counsel excluded from the record, is not a basis for reconsideration.

Petitioner argues as to the guilt phase claims in general that the court erred by attributing to counsel defense tactics which counsel did not espouse. However, a reviewing court is not limited to trial counsel's subjective state of mind. *See Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (the state court must "affirmatively entertain the range of possible reasons . . . [that trial] counsel may have had for proceeding as they did"); *Harrington v. Richter*, 562 U.S. 86, 109 (2011) (allowing for strategic considerations that may have justified counsel's failure to act). An ineffective assistance claim requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). That counsel did not specifically confirm all the reasons for actions taken and how they furthered defense strategies is not alone a basis for error. *See Id.; Richter, 562 U.S. at 109*. Furthermore, "once counsel reasonably selects a defense, it is not deficient performance to fail to pursue alternative defenses." *Rios v, Rocha*, 299 F.3d 796, 807 (9th Cir. 2002).

Petitioner argues as to the guilt phase claims in general that the court erred by applying a sufficiency of evidence standard rather than the AEDPA standard. He points to pre-AEDPA state law suggesting that non-conclusory facts must be taken as true, and that summary claim denial by the state supreme court without issuance of an order to show cause (as here – *see* ECF No. 180 at 15:1) reflects a presumed determination by the state court that no prima facie claim is stated. See *In re Swain*, 34 Cal. 2d 300, 302 (1949); *In re Clark*, 5 Cal. 4th 750, 770 (1993); *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). Petitioner appears to argue this court's claim denial reflected the state

6

1 presumptions and not AEDPA.  However, it remains that these claims were denied
2 pursuant to § 2254(d).  (*See* ECF No. 163 at 31:24-66:17; *see also Frye v. Warden, San*
3 *Quentin State Prison*, No. 2:99-CV-0628 KJM CKD, 2015 WL 300755, at *41 (E.D. Cal.
4 Jan. 22, 2015) ("[T]he question under § 2254(d) is not whether this court finds the
5 petitioner has established a prima facie case, but whether no reasonable jurist could have
6 found otherwise.").

7 Finally, petitioner may argue as to the guilt phase claims generally that the court
8 erred by discounting the negative impact of trial counsel Toton's disbarment.  However,
9 the court previously considered and rejected this allegation.  (*See e.g.,* ECF No. 163 at
10 70:9-80:8.)

11 *Penalty Phase Claims*

12 Petitioner seeks reconsideration of claim 37.  He argues the court erred in denying
13 this claim which alleges the prosecutor engaged in misconduct by using, failing to correct
14 and arguing testimony of detective Boggs falsely attributing to petitioner a statement by
15 accomplice Mr. Reyes that after the Tatman murder:

16 [T]hey returned to their own room and just, again in his own words,
kicked back, drank some whiskey, smoked some dope, ate some food, and
17 just relaxed for the rest of the evening.

18 (SHCP Ex. 100 ¶ 3.)  Petitioner argues the prosecutor should have known the noted
19 testimony was false because she was present at the preliminary hearing when detective
20 Boggs correctly attributed the statement to Mr. Reyes.  Petitioner argues the court also
21 erred by discounting the reasonable likelihood of a different verdict.  However, the court
22 concluded the state court reasonably rejected the claim on grounds neither Boggs nor
23 Ryals was aware the trial testimony was false and there was no reasonable likelihood the
24 error affected the sentence selection.  (*See* ECF No. 163 at 110:11-112:16.)  Petitioner's
25 disagreement alone does not entitle him to reconsideration.  *Teamsters*, 282 F.R.D. at
26 220.  He has not demonstrated legal or factual error in the court's denial of the claim.

27 Petitioner seeks reconsideration of claim 40.  He argues the court erred in denying
28 this claim which alleges prosecutorial misconduct relating to an allegedly undisclosed

offer of probation on two then pending felony charges in exchange for Mr. Hernandez's testimony at trial. However, the court considered and rejected petitioner's circumstantial proffer for the reasons stated in the order denying the claim. (*See* ECF No. 163 at 91:26-93:20, 116:23-118:18.)  Petitioner's re-argument, including his citation to Mr. Hernandez's arrest and probation reports and criminal minutes noted in the court's order (*see e.g.,* ECF No. 163 at 91:27-93:20) does not demonstrate a basis for reconsideration.

Petitioner seeks reconsideration of claims 44, 47 and 48. He argues the court erred in denying these claims which allege counsel's failure to investigate and present mitigating evidence relating to: the Bocanegra homicides, jailhouse informant Seeley, mental state defenses allegedly flagged by Dr. Donaldson, the aggravating 1982 Ammarie and Pena crimes, and petitioner's background, character and behavior including as to alleged mental disorders and defects. Petitioner argues that the court also erred in its prejudice analysis by discounting the mitigating strength of alleged mental disorders, given that his role was limited to that of accomplice.

However, the court considered and rejected these arguments under § 2254(d) and *Strickland* standards. (*See* ECF No. 163 at 131:27-137:17, 142:24-149:13.) In rejecting claims 44, 47 and 48, the court considered the mitigating evidence that petitioner asserts a reasonable investigation would have disclosed. (*Id.*) The court determined the state court could reasonably have concluded there was no reasonable probability such mitigation evidence could have affected the jury's imposition of the death penalty given the noted substantial evidence against petitioner.[2] (*Id.*)

Petitioner seeks reconsideration of claim 46. He argues the court erred in denying this claim which alleges counsel failed to contest detective Boggs's noted false testimony. Specifically, he argues the court could not have applied the *Strickland* standard because the court found the claim failed substantively for reasons discussed in claim 37 (which alleges prosecutorial misconduct relating to Boggs's false testimony).

---

[2] Petitioner's incorporation of claims 6-10 provides no basis for relief for the reasons stated, *ante*.

1 He argues the court also erred by concluding that evidence of remorse might have
2 undercut a "lingering doubt" defense, and by discounting the prejudicial effect of
3 Boggs's false testimony. However, the court considered these matters and denied claim
4 46 pursuant to the standard in *Strickland*. (*See* ECF No. 163 at 140:20-142:23.)

Petitioner seeks reconsideration of claims 52 and 60. He argues the court erred in denying these claims which respectively argue cumulative ineffectiveness and constitutional error during the penalty phase. However, these claims fail for the reasons stated above and those stated in the court's order denying these claims. (*See* ECF No. 163 at 159:6-160:8, 199:15-200:15.) Furthermore, claims previously denied for which reconsideration is not sought cannot alone serve as a basis for Rule 59 relief. *Teamsters*, 282 F.R.D. at 231. The penalty phase claims do not individually and cumulatively support Rule 59 error.

Finally, petitioner argues as to the penalty phase claims in general that the court erred in attributing to counsel un-espoused trial tactics and by errantly applying a substantial evidence standard. These arguments fail for the reasons stated above and in the memorandum and order denying these claims. (*See* ECF No. 163 at 110:11-200:15.)

2. <u>Reconsideration of Evidentiary Hearing</u>

Petitioner seeks reconsideration of the court's denial of evidentiary hearing on the above reconsideration claims. He argues entitlement to an evidentiary hearing because these claims satisfy § 2254(d).

However, the claims denied herein were adjudicated on the merits by the California Supreme Court and do not survive 28 U.S.C. § 2254(d) analysis for reasons discussed above. *See Stancle v. Clay*, 692 F.3d 948, 957 & n.3 (9th Cir. 2012) (a summary denial is presumed to be a denial on the merits absent a showing of implausibility). "[R]eview under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 182; *accord Stokely v. Ryan*, 659 F.3d 802, 809 (9th Cir. 2011) (*quoting Pinholster*, 563 U.S. at 181) ("[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review.").

Reconsideration of petitioner's request for evidentiary hearing also fails for the reasons stated by the court in its July 23, 2015 memorandum and order. (*See* ECF No. 163 at 203:14-206:4.)   Therefore, any attempted "relitigation" is "bar[red]," *Richter*, 562 U.S. at 98, no matter what semantics petitioner employs to avoid being "limited to the record that was before the state court that adjudicated the claim on the merits," *Pinholster*, 563 U.S. at 181-82. To this extent, new evidence in federal court simply cannot assist petitioner. *Id.*

The Ninth Circuit has also followed this principle. In *Stokely*, the Ninth Circuit acknowledged *Pinholster's* mandate that habeas review is "confined to the record before the state courts." 659 F.3d at 809. It explained that the limitation on consideration of new evidence in federal habeas proceedings "also forecloses the possibility of a federal evidentiary hearing." *Id.*

Even if AEDPA did not prohibit an evidentiary hearing on these claims, such a hearing is nonetheless unnecessary. Specifically, even if the additional evidence petitioner offers were both true and admissible, he would not be entitled to relief on any of his claims for the reasons stated and in light of the deference to which the California Supreme Court's rulings are otherwise entitled under AEDPA. 28 U.S.C. § 2254(e)(1); *see also Studebaker v. Uribe*, 658 F.Supp.2d 1102, 1111 (C.D. Cal. 2009) (*citing Kesser v. Cambra,* 465 F.3d 351, 358 n.1 (9th Cir. 2006)) (clear and convincing proof required to rebut state court findings of fact with extrinsic evidence presented for the first time in the federal habeas court).

Accordingly, the request for evidentiary hearing on the reconsideration claims shall be denied. *See Teamsters*, 282 F.R.D. at 220-21, 231.

3. <u>Reconsideration of Certificate of Appealability</u>

Petitioner seeks reconsideration of the court's denial of COA as to all the above claims except claim 8 (for which reconsideration was previously granted – *see* ECF No. 163 at 211:6-7). He argues the court erred in denying COA for these claims because any determination whether the state court's denial of these claims was reasonable under §

2254(d) is debatable amongst jurists of reason.

However, for the same reasons discussed above and in the July 15, 2015 memorandum and order (*see* ECF No. 163 at 210:3-211:19), petitioner has not demonstrated error in the court's denial of COA for the reconsideration claims. *See* 28 U.S.C. § 2253(c). "[W]here a district court has rejected constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Turner v. Calderon*, 281 F.3d 851, 865 (9th Cir. 2002) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner's reconsideration motion does not suggest reasonable jurists would disagree with the court's resolution of these claims or conclude the issues presented deserve encouragement to proceed further. *See Id.; cf., Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (COA issued upon substantial evidence of *Batson v. Kentucky* [476 U.S. 79 (1986)] violation).

Accordingly, the request to reconsider denial of COA for claims 6-7, 9-10, 14, 15, 18, 37, 40, 44, 46-48, 52 and 60 shall be denied. *See Teamsters*, 282 F.R.D. at 220-21, 231.

    4.    <u>Reconsideration of Preservation of Evidence</u>

Petitioner seeks reconsideration of the court's denial of his motion and renewed motion to preserve testimony by deposing witnesses 79-year-old trial counsel Eugene Toton and 88-year-old defense psychiatrist Theodore Donaldson.[3] He argues that the court erred by ignoring both the actuarial risk that testimony from these witnesses may be lost during the pendency of an appeal and the probity of the proposed testimony as "detailed in the pleadings before this court." (*See* ECF No. 172 at 51:20-22.) He argues that he has demonstrated the probity of this testimony because:

> What the above listed witnesses will testify to is not a secret. Everything that [petitioner] believes will come out in the depositions has been detailed in the pleadings before this court. [Petitioner] is not on a fishing

---

[3] Petitioner does not seek reconsideration of the court's denial of his motion to preserve deposition testimony of Patricia McGregor, Maria Valenzuela, Susan Peninger, Jeri Doane, and David Foster.

1 | expedition. [Petitioner] is only seeking to "determine whether the facts alleged [by him are] indeed true." [Citation]
2 |
3 | (*Id.*, *citing* ECF No. 150 at 12:16-21.)
4 | However, the court previously considered this argument and nonetheless rejected
5 | the claim because petitioner did not show that the proposed discovery would lead to
6 | relevant evidence likely to be lost due to age alone. (*See* ECF No. 163 at 206:6-208:22.)
7 | Good cause in this context requires that:
8 |     Specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that
9 |     he is . . . entitled to relief . . . . [Citation]
10 | (ECF No. 163 at 207:27-208:3; *see also* Rules Governing § 2254 cases, Rule 6, 28 U.S.C.
11 | foll. § 2254; Fed. R. Civ. P. 27.) Petitioner's re-argument fails to demonstrate good
12 | cause.
13 | Petitioner also argues that the court erred by citing to an inapplicable case, *Gilday*
14 | *v. Callahan*, and based thereon errantly concluding that:
15 |     [N]othing reasonably suggests a basis to believe the proposed testimony would lead to factual development showing entitlement to relief, and that
16 |     the proposed testimony might otherwise be lost. [Citation]; *see also Gilday v. Callahan*, 99 F.R.D. 308, 309 (D.C. Mass. 1983) (*no "good*
17 |     *cause" under Rule 6 where the facts petitioner seeks to dispute had been resolved by state court*).
18 |
19 | (ECF No. 163 at 208:16-20) (emphasis added.) Irrespective of whether *Gilday* has
20 | application, the court's noted good cause analysis was informed by cited authorities in
21 | addition to *Gilday*. (*See* ECF No. 163 at 206:6-208:22.) Petitioner does not address the
22 | additional cited authority. Furthermore, both the state supreme court and this court
23 | denied habeas relief on the facts as alleged without evidentiary hearing – suggesting that,
24 | as in *Gilday*, factual dispute resolution was unnecessary.
25 | Finally, the denial of petitioner's reconsideration claims, *ante*, does not suggest
26 | preservation of evidence would lead to entitlement to relief. *See Bracy v. Gramley*, 520
27 | U.S. 899, 908-09 (1997) (*quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("[W]here
28 | specific allegations before the court show reason to believe that the petitioner may, if the

facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.").

For the reasons stated, the request to reconsider denial of the motion and renewed motion to preserve testimony by deposing trial counsel Eugene Toton and defense psychiatrist Theodore Donaldson shall be denied. *See Teamsters*, 282 F.R.D. at 220-21, 231.

### IV. ORDER

Accordingly it is hereby ORDERED that petitioner's motion (ECF No. 172) seeking Rule 59(e) reconsideration of this court's July 23, 2015 memorandum and order denying petitioner's claims 6-10, 14, 15, 18, 37, 40, 44, 46-48, 52 and 60, and denying his motions for evidentiary hearing and to preserve testimony, and granting certificate of appealability for claims 8, 59 and 61, is DENIED.

IT IS SO ORDERED.

Dated:   April 26, 2016                               _____
                                                                              SENIOR   DISTRICT   JUDGE