UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY BRIAN SANCHEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON DAVIS, Warden, San Quentin State Prison,<br><br>　　　　Respondent.[1] | Case No. 1:97-cv-06134-KES-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER: (1) GRANTING MOTION TO WITHDRAW BY PETITIONER'S CO-COUNSEL NINA RIVKIND; and (2) APPOINTING PETITIONER'S CO-COUNSEL THE OFFICE OF THE FEDERAL DEFENDER TO THE WHOLE OF THE CASE |

I. INTRODUCTION

On December 18, 2024, Nina Rivkind, appointed pursuant to the Criminal Justice Act[2] as co-counsel to represent Petitioner in this 28 U.S.C. § 2254 habeas corpus proceeding, filed a motion to withdraw. (Doc. 203.) Ms. Rivkind states as grounds for withdrawal her intention to retire from the practice of law. (*Id.* at 1.) Appointed co-counsel, the Office of the Federal Defender for the Eastern District of California ("FD") through Supervising Assistant Federal Defender David Harshaw avers that, should the Court grant Ms. Rivkind's motion, the Eastern District's Capital Habeas Selection Board has recommended appointment of the FD to the

---

[1] Chance Andes, Action Warden of San Quentin Rehabilitation Center (formerly San Quentin State Prison), shall be substituted as Respondent. Fed. R. Civ. P. 25(d).

[2] Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A.

1

whole of the case. (*Id.* at 4.) Ms. Rivkind avers that she has discussed the foregoing with Petitioner. (*Id.* at 3.)

The Court, having reviewed the motion, the record, and the applicable law finds the matter amenable to decision without a hearing. (E.D. Cal. L. R. 230(g).)

## II. BACKGROUND

The facts of this case, reflected in the Court's docket, are summarized as follows. In 1988, Petitioner was convicted by a Kern County, California jury of multiple first degree murders and sentenced to death. In 1995, the California Supreme Court affirmed Petitioner's conviction and sentence. In 1996, the United States Supreme Court denied Petitioner's petition for writ of certiorari. In 1997, the California Supreme Court denied Petitioner's petition for writ of habeas corpus. That same year, Petitioner began these federal habeas corpus proceedings pursuant to 28 U.S.C. § 2254. In 2015, the Court denied Petitioner's § 2254 petition, issued a certificate of appealability as to three of the petition's claims, and entered judgment thereon. In 2021, the Ninth Circuit Court of Appeals affirmed the Court's denial of § 2254 relief. In 2022, the Ninth Circuit denied Petitioner's petition for rehearing. Later that same year, the United States Supreme Court denied Petitioner's petition for writ of certiorari.

## III. DISCUSSION

The Local Rules of this district require that an attorney who would withdraw and leave his or her client without representation obtain leave of the Court upon motion noticed to the client and all parties, in conformity with the requirements of the California Rules of Professional Conduct. E.D. Cal. L.R. 182(d). In such a case, the decision to grant or deny counsel's motion to withdraw is committed to the Court's discretion upon consideration of the reasons for withdrawal, potential delay in resolution of the case, and potential prejudice to the litigants and the administration of justice. *See Copeland v. Challenge Sec. Servs., Inc.*, 2020 WL 315997, at *1 (E.D. Cal. Jan. 21, 2020).

Federal courts often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. *Stewart v. Boeing Co.*, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (citing *Denney v. City of Berkeley,* 2004 WL

2648293, at *2-*3 (N.D. Cal. Nov.18, 2004)) (looking to the California Code of Professional Conduct when determining counsel's motion to withdraw); *see also* CA ST RPC Rule 1.16 (b)(6) (a lawyer may withdraw from representing a client if "[T]he client knowingly and freely assents to termination of the representation[.]"); CA ST RPC Rule 1.16 (b)(8) (a lawyer may withdraw from the representation of a client if "[T]he lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively[.]"); CA ST RPC Rule 1.16(b)(10) (a lawyer may withdraw from representing a client if "[T]he lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find existence of other good cause for withdrawal[.]"); CA ST RPC Rule 1.16(d) (counsel may not withdraw unless she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client).

Here, the Court finds good cause to grant Ms. Rivkind's request to withdraw as co-counsel on the grounds stated. Nothing before the Court suggests that Petitioner will suffer delay or prejudice by virtue of Ms. Rivkind's withdrawal. Petitioner has exhausted federal review of his state conviction and death sentence. Petitioner does not have an execution date and currently is not at risk for execution due to the Governor's death penalty moratorium. Co-counsel Assistant Federal Defender David Harshaw continues to represent Petitioner for all purposes in this closed case, including any clemency proceedings.[3]

Additionally, in this district, the Selection Board for the Eastern District of California, as appointing authority, makes all recommendations for appointment of counsel in capital § 2254 matters. E.D. Cal. General Order 677; E.D. Cal. L. R. 191(c). As noted, Mr. Harshaw avers that the Selection Board has recommended appointment of the FD to the whole of the case, as replacement counsel. The Court finds good cause to make that appointment.

---

[3] 18 U.S.C. § 3599(e) provides that "Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."

ACCORDINGLY:

1. The motion to withdraw by appointed co-counsel Nina Rivkind, (Doc. 203) is GRANTED.
2. The Office of the Federal Defender for the Eastern District of California is APPOINTED as counsel to represent Petitioner in the whole of the case and for all purposes pursuant to 18 U.S.C. § 3599.
3. The Clerk of the Court is directed to SERVE this order upon: (i) counsel for the parties, and (ii) Connie Garcia, CJA Panel Administrator, Federal Defender's Office, 2300 Tulare Street, Suite 330, Fresno, CA 93721, Connie_Garcia@fd.org.
4. Counsel for Petitioner shall PROVIDE him with a copy of this order.

IT IS SO ORDERED.

Dated:   January 6, 2025

UNITED STATES DISTRICT JUDGE

4